DFE/aa

9th Cir. Case No. <u>23-55019</u>

_____

IN THE UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

_____

BRISTOL SL HOLDINGS, INC.,

Plaintiff/Appellant,

vs.

CIGNA HEALTH AND LIFE INSURANCE COMPANY ET AL.,

Defendants/Appellees.


_____

APPELLANT'S REPLY BRIEF ©2023
_____

_____

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
L.T. Case No.: 8:19-cv-00709-PSG-ADS
HON. PHILIP S. GUTIERREZ

_____

MATTHEW M. LAVIN, ESQ.
AARON MODIANO, ESQ.
ARNALL GOLDEN GREGORY, LLP
*Appellant/Plaintiff Counsel for*
*Bristol SL Holdings*

JOHN W. TOWER, ESQ.
LAW OFFICE OF JOHN W. TOWER
*Appellant/Plaintiff Counsel for*
*Bristol SL Holdings*

EASLEY APPELLATE PRACTICE PLLC
*Lead Appellate Attorney for Appellant*
DOROTHY F. EASLEY, MS, JD, BCS APPEALS
Florida Bar No.: 0015891
1200 Brickell Ave., Suite 1950
Miami, Florida 33131
T (800) 216-6185
Fla. Bar Designated eMail:
administration@easleyappellate.com
admin2@easleyappellate.com

*Bristol SL Holdings v. Cigna etc.,* 9th Cir. Case No. 23-55019

### Appellant's Disclosure Statement

In compliance with Fed. R. App. P. 26.1, Bristol SL Holdings, Inc., states that it does not have a parent corporation and that no publicly held companies hold 10% or more of its stock.

Respectfully submitted,

/s/ Dorothy F. Easley
Dorothy F. Easley, ms, jd, bcs appeals
Florida Bar No.: 0015891

C-1

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

# TABLE OF CONTENTS

APPELLANT'S DISCLOSURE STATEMENT ...................................................... C-1

TABLE OF CONTENTS ....................................................................................... i

TABLE OF AUTHORITIES ................................................................................ iii

OTHER AUTHORITIES ..................................................................................... vi

STATUTES ........................................................................................................ vi

RULES ............................................................................................................. vi

TREATISES ...................................................................................................... vi

INTRODUCTION ................................................................................................ 1

ARGUMENTS .................................................................................................... 3

ISSUE I. SUMMARY JUDGMENT ON BRISTOL'S STATE-LAW CLAIMS AS ERISA-PREEMPTED WAS ERROR AND AGAINST CONTROLLING PRECEDENT AND MAJORITY LAW. ERISA ONLY PREEMPTS CLAIMS THAT RELATE TO AN ERISA PLAN. BRISTOL'S STATE-LAW CLAIMS ARE BASED ON OBLIGATIONS ARISING FROM CIGNA'S ACTIONS AND PROMISES TO THIRD-PARTY PROVIDER SURE HAVEN .......................................................................... 3

A. ERISA does not preempt third-party provider's independent state-law claims ...................................................................................... 4

B. This summary judgment also relied on inapposite cases that would decimate this Circuit's precedent and conflict with majority law ............... 14

ISSUE II. SUMMARY JUDGMENT ON BRISTOL'S ERISA CLAIM WAS ERROR, AGAINST CONTROLLING PRECEDENT, AND LACKED RECORD EVIDENCE. A PLAN ADMINISTRATOR MUST PROVE IT UNAMBIGUOUSLY ENJOYS DISCRETION TO DETERMINE CLAIMS. CIGNA DID NOT SHOW THAT FOR ONE CLAIM, LET ALONE ALL CLAIMS. EVEN IF IT HAD, THE EVIDENCE AND REASONABLE INFERENCES ARE THAT CIGNA ABUSED ANY DISCRETION BY FAILING TO COMPLY WITH ERISA REQUIREMENTS TO DENY A CLAIM, REFUSING TO ENGAGE IN MEANINGFUL DIALOGUE WITH SURE HAVEN,

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

IGNORING DOCUMENTATION, AND ISSUING AUTOMATIC BLANKET DENIALS OF ALL CLAIMS ................................................................................. 15

A. Cigna did not carry its burden to show it was entitled to or actually did exercise discretion in issuing preset, blanket denials of all claims ....... 15

B. Even under an abuse-of-discretion standard, Cigna abused it ..................... 19

ISSUE III. CIGNA ISSUED NO FORMAL DENIAL OF CLAIM PER ERISA REQUIREMENTS SO SURE HAVEN WAS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES. MOREOVER, SURE HAVEN COMPLIED WITH ALL REQUESTS FOR DOCUMENTATION. THUS, THE DISTRICT COURT CORRECTLY DECLINED SUMMARY JUDGMENT ON THESE BASES AND ON CIGNA'S REMAINING OFFERED REASONS ............................................... 27

A. Bristol was not required to exhaust its administrative remedies and for any obligations it may have had, Bristol's full compliance with Cigna's procedures and requests fulfilled them ........................................... 27

B. Bristol is entitled to recovery for its billed charges ...................................... 28

C. Cigna cannot avoid liability by claiming various reasons for unclean hands, many for the first time during litigation ............................................ 29

CONCLUSION ..................................................................................................... 29

STATEMENT OF RELATED CASES ..................................................................... 30

CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS .................................... 31

CERTIFICATE OF SERVICE ................................................................................ 31

ADDENDUM ...................................................................................................... 34

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

## TABLE OF AUTHORITIES

CASES

*Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.,*
 No. 3:16-CV-2355-G,
 2021 U.S. Dist. LEXIS 126919 (N.D. Tex. July 8, 2021) ..........................24

*Aetna Health Inc. v. Davila,*
 542 U.S. 200 (2004) .................................................................................. 10

*Allstate Ins. Co. v. Herron,*
 634 F.3d 1101 (9th Cir. 2011) ...................................................................4

*Alvis v. AT&T Integrated Disability Serv. Ctr.,*
 377 Fed. App'x 673 (9th Cir. 2010) ...........................................................21

*Arapahoe Surgery Ctr. LLC v. Cigna Healthcare, Inc.,*
 171 F. Supp. 3d 1092 (D. Colo. 2016) .......................................................23

*Barboza v. Cal. Ass'n of Prof'l Firefighters,*
 651 F.3d 1073 (9th Cir. 2011) ...................................................................28

*Barmat v. John & Jane Doe Partners A-D,*
 155 Ariz. 519, 747 P.2d 1218 (Ariz. 1987 .................................................11

*Bilyeu v. Morgan Stanley Long Term Disability Plan,*
 683 F.3d 1083 (9th Cir. 2012) ...................................................................28

*Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.,*
 187 F.3d 1045 (9th Cir. 1999) ...................................................................13

*Booton v. Lockheed Med. Benefit Plan,*
 110 F.3d 1461 (9th Cir. 1997) ...............................................................20, 26

*Bristol Sl Holdings v. Cigna Health & Life Ins. Co.,*
 22 F.4th 1086 (9th Cir. 2022) ................................................................1, 13

*Cal. Spine & Neurosurgery Inst. v. JP Morgan Chase & Co.,*
 No. 19-cv-03552-PJH,
 2019 U.S. Dist. LEXIS 220044 (N.D. Cal. Dec. 23, 2019) .....................11, 12

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

*Carmax Auto Superstores Cal. Ltd. Liab. Co. v. Hernandez,*
  94 F. Supp. 3d 1078 (C.D. Cal. 2015) ............................................................ 4

*Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.,*
  497 F.3d 972 (9th Cir. 2007) ............................................................... 12, 14

*Cigna Corp. v. Amara,*
  563 U.S. 421 (2011) ........................................................................... 18

*Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.,*
  878 F.3d 478 (5th Cir. 2017) ................................................................ 23

*Cooper Distrib. Co. v. Amana Refrigeration, Inc.,*
  180 F.3d 542 (3d Cir. 1999) .................................................................. 8

*Dishman v. UNUM Life Ins. Co. of Am.,*
  269 F.3d 974 (9th Cir. 2001) ................................................................. 9

*Eastman Kodak Co. v. STWB, Inc.,*
  452 F.3d 215 (2d Cir. 2006) ................................................................ 28

*Emergency Grp. of Ariz. Prof'l Corp. v. United Healthcare, Inc.,*
  838 Fed. App'x 299 (9th Cir. March 3, 2021) .............................................. 10

*Eugene S. v. Horizon Blue Cross Blue Shield of N.J.,*
  663 F.3d 1124 (10th Cir. 2011) ............................................................. 18

*Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.,*
  532 F. Supp. 3d 956 (S.D. Cal. 2021) ...................................................... 13

*Glendale Outpatient Surgery Ctr. v. United Healthcare Servs.,*
  805 F. App'x 530 (9th Cir. 2020) ........................................................... 29

*Hall v. City of Los Angeles,*
  697 F.3d 1059 (9th Cir. 2012) ............................................................... 7

*Hoag Memorial Hosp. v. Managed Care Adm'rs,*
  820 F. Supp. 1232 (C.D. Cal. 1993) ........................................................ 12

*Hosp. v. Modesto & Empire Traction Co.,*
  581 F.3d 941 (9th Cir. 2009) ............................................................... 10

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*Indep. Towers of Wash. v. Washington,*
  350 F.3d 925 (9th Cir. 2003) .......................................................................29

*John Muir Health v. Cement Masons Health & Welfare Tr. Fund for N.*
  *Cal.,*
  69 F. Supp. 3d 1010 (N.D. Cal. 2014).........................................................12

*Kennedy v. S.C. Ret. Sys.,*
  345 S.C. 339, 549 S.E.2d 243 (2001)..........................................................27

*LD v. United Behavioral Health,*
  No. 4:20-cv-02254 YGR,
  2020 U.S. Dist. LEXIS 155224 (N.D. Cal. Aug. 26, 2020) ......................29

*Marinelarena v. Allstate Northbrook Indem. Co.,*
  No. 8:20-cv-02230-DOC-JDE,
  2022 U.S. Dist. LEXIS 65093 (C.D. Cal. Mar. 2, 2022) .............................4

*Meadows v. Emp'rs Health Ins.,*
  47 F.3d 1006 (9th Cir. 1995) ...............................................................*passim*

*Mull v. Motion Picture Indus. Health Plan,*
  865 F.3d 1207 (9th Cir. 2017) ..............................................................18, 19

*N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare,*
  No. 4:09-CV-2556,
  2018 U.S. Dist. LEXIS 132436 (S.D. Tex. Aug. 7, 2018) ........................23

*Pac. Recovery Sols. v. United Behavioral Health,*
  481 F. Supp. 3d 1011 (N.D. Cal. 2020)......................................................11

*Prichard v. Metro. Life Ins. Co.,*
  783 F.3d 1166 (9th Cir. 2015) ..............................................................16, 17

*Riegels v. Comm'r (In re Estate of Saunders),*
  745 F.3d 953 (9th Cir. 2014) .......................................................................29

*Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.,*
  770 F.3d 1282 (9th Cir. 2014) .....................................................................27

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*U.S. v. Rowe,*
  268 F.3d 34 (1st Cir. 2001) ............................................................................ 8

### OTHER AUTHORITIES

### STATUTES

29 United States Code of Federal Regulations, Section 2560.503-1 ................... 21, 23

29 United State Code of Federal Regulations, Section 2590.715-2719 ...................... 28

### RULES

Federal Rule of Appellate Procedure 26.1 ................................................... C-1

Federal Rule of Civil Procedure 59 ............................................................. 3

Federal Rule of Civil Procedure 60 ............................................................. 3

### TREATISES

1 A. Corbin, *Corbin on Contracts* § 18 (1963). .......................................... 11

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

# INTRODUCTION[1]

Cigna's Answering Brief ("AB") turns on avoiding inconvenient truths: (1) the prior appeal, (2) *res judicata*, (3) law of the case, (4) the power of mandates, (5) record facts, and (6) controlling precedent, statutes, and regulations.

Cigna describes Bristol's independent state-law oral and implied contract and promissory estoppel claims grounded in the promises to pay—from which this Court already recognized in the prior Appeal "a reasonable factfinder [could] conclude that an enforceable contract had been formed" based on "the hundreds of verification and authorization calls, . . .evidence of a prior course of dealing with Cigna, specific and individualized treatment plans, as well as agreements over specific percentages of UCR rates for the services rendered"—as "baseless." AB at 12–13; *Bristol SL Holdings, Inc. v. Cigna Health & Life Ins. Co.*, No. 20-56122, 2022 U.S. App. LEXIS 1109 *2-3 (9th Cir. Jan. 14, 2022)* ("*Bristol I*"). This Court held the same record Bristol introduced before—with more record evidence now—was legally sufficient "to create a genuine dispute of material fact regarding the potential formation of an enforceable contract." *Id*. at *2. These record facts were sufficient then, *id*. at *2–3, and are still sufficient now.

Despite this Court's prior rejection of Cigna's earlier attempts to avoid liability through disclaimers [*Bristol I* at *3–4*], Cigna turns to disclaimers again. The Court

---

[1]  All emphasis is added unless otherwise noted. "Sure Haven" and "Bristol" are used interchangeably.

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

already rejected Cigna's theory before, explaining these disclaimers could reasonably be interpreted as "informing providers like Sure Haven that it must fulfill the required terms of the deal (such as properly providing the healthcare services) before [they] could be guaranteed payment." *Bristol I* at *3–4; 9th.Cir.DE12_Opening Brief ("OB") at 13–14. Same facts and reasoning still apply here.

As for Cigna's newly claimed disclaimer, Cigna points to its February 26, 2015, letter to Sure Haven/Bristol as precluding any formation of an agreement. 9th.Cir.DE27 [AB] at 12-13. That letter stated Cigna "will deny" claims for fee-forgiving ***absent proof of payment***. AB at 12–13. The record evidence, however, is Bristol responded to Cigna's requests for more documentation and sent (1) proof of payments and deductibles satisfied and (2) ***hundreds of records*** showing: (a) invoices documenting proof of payments made (some in the $1000s) [5-ER-875, 977-893, 902-910, 922-924, 933-934, 937-938], (b) credit-card authorizations [5-ER-939-950], (c) promissory notes, (d) spreadsheets tracking Bristol's collection efforts and payments [5-ER-982-86] [a representative sample of 105 *pages* of payments made in 2015], (e) patient deductibles or out-of-pocket maximums had been met in some cases, (f) in other cases payment was collected, and (g) in other cases promissory notes were executed. *E.g.*, 3-ER-374-75, 397-99; 4-ER-605; 5-ER-963-981; 5-ER-987-990; 5-ER-875-938; 6-ER-1006; 3-ER-398-99. Bristol fulfilled the letter's requirements. Cigna did then what it's doing now: Ignore these mountains of

documentary proof produced. 4-ER-672-73; 3-ER-399; 5-ER-788-89; 5-ER-793-94; 6-ER-1006; Bristol OB at 42.

What's "baseless" is to grant summary judgment premised on Cigna's previously rejected disclaimer theory dressed in different clothing and willful blindness to clear, contrary record evidence that this letter wasn't disclaiming.

Cigna's other mischaracterizations are corrected in the respective argument sections. Those not corrected merit no response. Bristol stands by its Opening Brief and citations for all remaining points.

## ARGUMENTS

### ISSUE I. SUMMARY JUDGMENT ON BRISTOL'S STATE-LAW CLAIMS AS ERISA-PREEMPTED WAS ERROR AND AGAINST CONTROLLING PRECEDENT AND MAJORITY LAW. ERISA ONLY PREEMPTS CLAIMS THAT RELATE TO AN ERISA PLAN. BRISTOL'S STATE-LAW CLAIMS ARE BASED ON OBLIGATIONS ARISING FROM CIGNA'S ACTIONS AND PROMISES TO THIRD-PARTY PROVIDER SURE HAVEN.

Bristol timely moved for summary judgment reconsideration under *both* Fed. R. Civ. P. 59 *and* 60. 3-ER-361-385. On February 7, 2023, the district court erred in refusing to consider Bristol's Rule 59/60 motion, concluding it violated Local Rules 7-18 and 7-3, though both Local Rules relate solely to **Rule 59**. 1-ER-14.

Cigna posits Local Rule 7-18 is coextensive with Fed. R. Civ. P. 59(e) ***and*** 60(b). AB at 56–57. First, per the district courts in the district construing and applying this Local Rule, the Local Rule has been applied only to a motion for reconsideration under Rule 60 (brought within 14 days under Local Rule 7-18). By contrast, district

3

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

courts have found timely a motion for reconsideration under Rule 59(e) when brought *within 28 days*. *Marinelarena v. Allstate Northbrook Indem. Co.*, No. 8:20-cv-02230-DOC-JDE, 2022 U.S. Dist. LEXIS 65093, at *6 (C.D. Cal. Mar. 2, 2022); *see Allstate Ins. Co. v. Herron*, 634 F.3d 1101, 1111 (9th Cir. 2011). Accordingly, Bristol's motion for reconsideration was timely under Rule 59(e).

Cigna adds the district court properly exercised discretion to deny the motion for failure to comply with Local Rules [AB at 56] and Local Rule 7-3 noncompliance is a separate basis to deny the motion. AB at 57. Cigna overlooks the case law, *supra,* and that "failure to comply with the Local Rules does not automatically require the denial of a party's motion . . . particularly where the non-moving party has suffered no apparent prejudice as a result of the failure to comply." *Carmax Auto Superstores Cal. Ltd. Liab. Co. v. Hernandez*, 94 F. Supp. 3d 1078, 1088 (C.D. Cal. 2015). Cigna claimed no prejudice (still doesn't and there is none). Bristol was prejudiced. And the district court misapprehended its own authority to correct its errors that would have avoided burdening this Court with another appeal.

## A.    ERISA does not preempt third-party provider's independent state-law claims.

Cigna packs numerous presumptions to argue Bristol's state-law claims are preempted. It claims that ERISA plan members assigned these state-law claims. AB at 41. **First**, Cigna willfully ignores that Bristol is not bringing the state-law claims as an assignee *but as an independent entity* claiming damages. *See* OB at 22–23.

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

**Second,** Cigna never produced ERISA plans so this record doesn't show who was/was not an ERISA plan member assignor. 3-ER-376. To circumvent that vacuum, Cigna declares Bristol never disputed all 106 claims were governed by ERISA plans so they must be. AB at 40. As Bristol argued below and on appeal, because Cigna never produced *any* ERISA plans it claimed governed the 106 claims at issue, Bristol disputed below and on appeal that all were ERISA plans. *See, e.g.*, 3-ER-371. So, Bristol *could not* have conceded the content or nature of formal plan documents Cigna never produced. OB at 15, 16, 19, 21-27, 34-37 and citations.

Cigna's argument is backwards. It's arguing Bristol, the summary judgment nonmovant, carries Cigna's burden, the summary judgment movant, to prove the nonexistence of a negative in the so-called ERISA plans Cigna never produced. *Id.*

**Third,** Cigna's ERISA preemption re-briefing is improper because this Court has already considered that issue at length of "no ERISA preemption". 9th.Cir.DE12 at 26-27, 34-37 and citations; 9th.Cir.DE18. The "no ERISA preemption" of these independent state-law claims issue was already fully briefed and further addressed, at length, during the recorded Oral Argument in the prior appeal, Ninth Cir. Case No. 20-56122 ("2020 Appeal").

On October 14, 2021, this Court issued an Order in the 2020 Appeal instructing the parties to "address ERISA preemption" and whether it "applies to any of the claims at issue". *See* 9th Cir. Appeal Case No. 20-56122, DE47 2021-10-14_Order.

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

Thereafter, to aid the Court's review of those questions, Bristol moved for leave to submit a Memorandum Brief. *See* 9th Cir. Appeal Case No. 20-56122, DE48 2021-10-15 Bristol Motion and Memorandum at Issue II, 4-9 ("As the [Second Amended Complaint] allegations and evidence establish, Appellant does not contend that it is owed the due amounts because they are owed under the ERISA plans, but because they are owed by virtue of Cigna's actions and representations on the repeated verification and authorization calls trigger legal duties and promises to Appellant independent of the ERISA claim.").

Cigna submitted further briefing advocating why the state-law claims *were* ERISA-preempted and urged affirmance of summary judgment on those ERISA preemption grounds as well. 9th.Cir.2020.DE49 2021-10-18 Cigna Response and Memorandum at Issue II, 4-9, and 6 ("Bristol's state law claims clearly 'relate to' an ERISA plan. Again, the entire premise of Bristol's case is Cigna promised to pay its out-of-network claims at plan-dictated usual and customary rate ('UCR') levels but then failed to do so. While Bristol's SAC attempted to plead around this issue after Bristol's ERISA claims were dismissed, that does not defeat preemption.").

Cigna further urged in the prior Appeal the Court's affirmance of summary judgment on this issue of ERISA preemption grounds of these same state-law claims. *See* 9th.Cir.2020.DE49 2021-10-18 Cigna Response and Memorandum at Issue II, at 9 ("In sum, the case law is clear that, should any of Bristol's state law claims survive,

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

they would be preempted, and should be dismissed for that independent reason.").

The recorded oral argument further shows ERISA preemption issues were heavily considered. The Court in the 2020 Appeal and these same parties extensively discussed ERISA preemption of the state-law claims (the same claims pled in this appeal).

The issue of *whether* ERISA preempted these state-law claims was already rejected adversely to Cigna in the prior Appeal and now firmly law of the case and part of the mandate issued on remand, which Cigna urged the district court to violate. *See* discussion *infra*; *see also* 9th.Cir.DE12 at 26-27, 34-37 and citations therein; 9th.Cir.DE18.

The law of the case and the mandate are absolute. The law of the case doctrine governs both the issues expressly decided **and all issues implicitly decided** [9th.Cir.DE12 at 26-27 and citations], and the general rule regarding remanded matters states that an appellate mandate binds a lower court and the parties on remand. *See, e.g., Hall v. City of Los Angeles*, 697 F.3d 1059, 1066-67 (9th Cir. 2012). Law of the case governs the implicitly decided "no ERISA preemption of state law claims" issue.

In reversing summary judgment in the 2020 Appeal on these same state-law claims that are before this Court again, and in allowing amendment to plead the ERISA claim in the alternative, which the district court earlier denied, the Court

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

already implicitly rejected the issue of ERISA preemption of these claims. Cigna never petitioned for rehearing of any of part of the Court's decisions in the 2020 Appeal.

The viability of these state-law claims and the "no ERISA preemption" are issues subsumed under *res judicata*, law of the case, and the mandate doctrines. The mandate is an even broader doctrine than law of the case. *Id*. The standard of review of a remand to the district court is to determine whether the district court was obedient to the mandate rule [*see U.S. v. Rowe*, 268 F.3d 34, 41-42 (1st Cir. 2001)] and if the district court properly adhered to the rulings as the law of the case, which this district court didn't do. The question of whether the district court properly interpreted the mandate on the first appeal is accorded plenary review and is not washed away through a second appeal. *See e.g. Cooper Distrib. Co. v. Amana Refrigeration, Inc.*, 180 F.3d 542, 546 (3d Cir. 1999).

Cigna, having lost on these issues in the 2020 Appeal, attempts a "re do" to avoid waiver of arguments it could have raised then, assuming any meritorious, and didn't.

As Bristol's Opening Brief explained and the Excerpts of Record show, the court below overlooked or misapprehended the law of the case established in the prior 2020 Appeal and the mandate, despite Bristol's warning that doing so would be reversible error. *See also* 4-ER-615-16, 617, 3-ER-471. There is a still-pending Bristol

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

Motion to Take Judicial Notice of the Prior Appeal 9th Cir. Appeal Case No. 20-56122 [9th.Cir.DE18], and Cigna's Answering Brief reinforces why Judicial Notice of the Prior Appeal will aid the Court's review.

**Fourth**, Cigna again willfully ignores that it is *res judicata* that Bristol introduced sufficient evidence through its "hundreds of verification and authorizations calls", "course of dealing", and "specific and individualized treatment plans" evidence, and "agreements over specific percentages of UCR rates for the services rendered" that were "sufficient for a reasonable factfinder to conclude that an enforceable contract had been formed under governing California law." *Bristol SL Holdings*, 2022 U.S. App. LEXIS 1109 at *2–3.

Cigna newly speculates, without record support, the state-law claims are preempted because the only reason Bristol called Cigna was it needed to know the member's benefits under the ERISA plan before deciding to provide treatment and what drove the decisions on which Bristol relies was the Plan's misrepresentation of Plan membership. AB at 41–42. Cigna waived that argument in the prior 2020 Appeal. Further, the Ninth Circuit Court of Appeals has already rejected that reasoning in *Meadows v. Emp'rs Health Ins.*, 47 F.3d 1006, 1010 (9th Cir. 1995),and in *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 984 (9th Cir. 2001). OB at 28.

The Ninth Circuit consistently holds that ERISA doesn't preempt state-law

9

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

claims brought by an independent third-party provider against an ERISA plan when
the claims are independent of the plan and do not "relate to" plan administration.
Under *Meadows*, 47 F.3d at 1010, ERISA doesn't preempt claims by a third-party
who sues an ERISA plan as an independent entity claiming damages. This Circuit
reasoned the state-law claims did not "relate to" the ERISA plan because the plaintiffs
were not plan beneficiaries at the time the health plan, in that case, misrepresented the
existence of coverage. *Id.* That same logic applies here, where Cigna made
misrepresentations about coverage and promises to pay for services rendered.

Cigna seems to suggest the key to no ERISA preemption is misrepresentation
about plan membership. Incorrect. The distinction is "independent legal duty".
Recently, this Circuit in *Emergency Grp. of Ariz. Prof'l Corp. v. United Healthcare,
Inc.*, 838 Fed. App'x 299, 300 (9th Cir. March 3, 2021) (unpublished), quoting and
citing *Marin Gen. Hosp. v. Modesto & Empire Traction Co.*, 581 F.3d 941, 950 (9th
Cir. 2009), held those state-law claims—based not on misrepresentation of Plan
membership, but on "implied-in-fact contract based on course of dealing claims" like
those in this case—were not ERISA preempted because of the *Aetna Health Inc. v.
Davila*, 542 U.S. 200, 204 (2004), "independent legal duty" second prong under
*Davila*'s two-prong test. It was not because of plan membership misrepresentation.

*Emergency Grp. of Ariz. Prof'l Corp.*, at 300 reinforced that what drives "no
ERISA preemption" is the *independent legal duties* that "'would exist whether or not

an ERISA plan existed' and thus are independent from the legal obligations imposed by the ERISA plans." *Id.* (quoting and citing *Marin Gen. Hosp.*, 581 F.3d at 950 (legal duties based on an alleged oral contract between the parties were independent duties); *Barmat v. John & Jane Doe Partners A-D*, 155 Ariz. 519, 747 P.2d 1218, 1220 (Ariz. 1987) (en banc) ("A contract implied in fact is a true contract—an undertaking of contractual duty imposed 'by reason of a promissory expression.'"" (quoting 1 A. Corbin, *Corbin on Contracts* § 18, at 39 (1963)).).

In the Ninth Circuit and the majority of Circuits, it's not the mere "misrepresentation of Plan membership" claims that render them not preempted. It's because Medical Providers "claims [we]re based on independent legal duties, they [we]re not completely preempted by § 502(a)(1)(B) of ERISA." *Emergency Grp. of Ariz. Prof'l Corp.*, at 300 (citing *Marin*, 581 F.3d at 949-50); *see* OB at Issue I arguments and citations.

Cigna misreads its cited lower court, non-controlling and readily distinguishable decisions *Cal. Spine & Neurosurgery Inst. v. JP Morgan Chase & Co.*, No. 19-cv-03552-PJH, 2019 U.S. Dist. LEXIS 220044 (N.D. Cal. Dec. 23, 2019), and *Pac. Recovery Sols. v. United Behavioral Health*, 481 F.Supp.3d 1011 (N.D. Cal. 2020). AB at 42-43. The plaintiffs in both cases were seeking further payments expressly under ERISA-plans' terms, and, thus, neither considered *Memorial Hospital* or *Meadows*. *California Spine* at *5, 12–13; *Pacific Recovery*, 481

F.Supp.3d at 1029; *see* OB at Issue I and citations.

Cigna's cited *Pac. Recovery Sols.*, concerned plaintiffs that

specifically connected defendant's alleged obligation to pay for services at a

percentage of the UCR **to the patients' ERISA plans**, rather than the promises made

as here, and alleged "every plan at issue in this litigation was obligated to pay out-of-

network IOP claims at the UCR rate." *Id.* at 1029. The *Cal. Spine* plaintiff's specific

measure of damages allegations were tied expressly to the patient's ERISA plan and,

thus, triggered preemption. *Id.* at *13 Here, the opposite alleged and the opposite

record evidence presented. OB at Issue 1 and citations.

Cigna insists numerous courts have considered claims from providers that

they're entitled to UCR based on VOB calls and found they were preempted as a

result. AB at 42. Also incorrect. The Ninth Circuit has repeatedly held independent

state-law claims by independent third-party providers like Sure Haven "lie outside the

bounds of the ERISA 'relates to' standard." *Meadows*, 47 F.3d at 1009; *see Cedars-*

*Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 977-80 (9th Cir.

2007).

Other district courts in the Ninth Circuit have applied this standard to cases like

this one, where a healthcare provider seeks repayment from an insurer under

California law. *See John Muir Health v. Cement Masons Health & Welfare Tr. Fund*

*for N. Cal.*, 69 F.Supp.3d 1010, 1021 (N.D. Cal. 2014); *Hoag Memorial Hosp. v.*

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

*Managed Care Adm'rs*, 820 F.Supp. 1232, 1235 (C.D. Cal. 1993).

Cigna's cited *Fast Access Specialty Therapeutics, LLC v. UnitedHealth Grp., Inc.*, 532 F. Supp. 3d 956, 973 (S.D. Cal. 2021), is easily distinguished as one decided on a motion to dismiss, premised on the complaint's allegations, where plaintiff "contend[ed] that United's refusal [to pay wa]s based on the terms of the plan in place at the time [plaintiff] dispensed medication to him."

*Fast Access,* 532 F. Supp. 3d at 973-74, actually supports Bristol because that district court recognized in "*Blue Cross of Cal. v. Anesthesia Care Assocs. Med. Grp., Inc.*, 187 F.3d 1045, 1051 (9th Cir. 1999), the [C]ourt found, *inter alia*, that '[w]here the meaning of a term in the plan is not subject to dispute, the bare fact that the plan may be consulted in the course of litigating a state-law claim does not require that the claim be extinguished by ERISA's enforcement provision.'" *Id*. at 973-74.

In *Fast Access*, "the plan's terms [we]re, a key part, if not the core part, of Specialty's claims" [*id*.], unlike the instant appeal, in which this Court already evaluated the allegations in this same amended complaint that was before the Court in the prior 2020 Appeal, and concluded, upon evaluating these state-law claims, that an ERISA cause of action could be asserted in the alternative, and remanded with directions to allow leave to amend. *Bristol Sl Holdings v. Cigna Health & Life Ins. Co.*, 22 F.4th 1086, 1091-92 (9th Cir. 2022) (*Simon* and ERISA-related 2020 Appeal separately published decision). The meaning of the Cigna-never-produced phantom

13

*Bristol SL Holdings v. Cigna et al.*, 9th Cir. Case No. 23-55019

plans' terms was never the grounds for creating the obligations to pay here.

Cigna stretches with argument that the state-law claims are preempted because the claims bear, no matter how remotely, on an ERISA-regulated relationship. AB at 44–46. Cigna misapprehends these state-law claims were never brought as an assignee of an ERISA beneficiary's rights. OB at 22–23. And it's already *res judicata* and law of the case that Bristol introduced sufficient evidence through its hundreds of verification and authorizations calls, course of dealing, and specific and individualized treatment plans evidence, and "agreements over specific percentages of UCR rates for the services rendered" "sufficient for a reasonable factfinder to conclude that an enforceable contract had been ***formed under governing California law***." *Bristol SL Holdings*, 2022 U.S. App. LEXIS 1109 at *2–3.

Despite Cigna's contrary claim [AB at 45], this Circuit's *Meadows*, *Marin*, *Cedars-Sinai Med. Center*, *Catholic Healthcare*, and *Emer. Group of Ariz*. decisions make clear that independent state-law claims do not "interfere with nationally uniform plan administration". *See* OB at Issue I and citations therein.

Cigna's reliance on inapposite, rogue, isolated lower district court cases that declined to follow this Circuit's controlling precedent is hardly persuasive, let alone binding.

**B.      This summary judgment also relied on inapposite cases that would decimate this Circuit's precedent and conflict with majority law.**

Cigna attempts to distinguish the case law, but again disregards the immovable

fact that Bristol didn't bring these state-law claims as an assignee of a plan beneficiary's benefits, but upon independent promises and the course of dealings that created independent obligations. *See* discussion *supra*; OB Issue I discussion and citations.

ISSUE II.  SUMMARY JUDGMENT ON BRISTOL'S ERISA CLAIM WAS ERROR, AGAINST CONTROLLING PRECEDENT, AND LACKED RECORD EVIDENCE. A PLAN ADMINISTRATOR MUST PROVE IT UNAMBIGUOUSLY ENJOYS DISCRETION TO DETERMINE CLAIMS. CIGNA DID NOT SHOW THAT FOR ONE CLAIM, LET ALONE ALL CLAIMS. EVEN IF IT HAD, THE EVIDENCE AND REASONABLE INFERENCES ARE THAT CIGNA ABUSED ANY DISCRETION BY FAILING TO COMPLY WITH ERISA REQUIREMENTS TO DENY A CLAIM, REFUSING TO ENGAGE IN MEANINGFUL DIALOGUE WITH SURE HAVEN, IGNORING DOCUMENTATION, AND ISSUING AUTOMATIC BLANKET DENIALS OF ALL CLAIMS.

A.      **Cigna did not carry its burden to show it was entitled to or actually did exercise discretion in issuing preset, blanket denials of all claims.**

Cigna states Bristol "made no argument for a more skeptical standard of review at summary judgment." AB at 29. Incorrect. Bristol's summary judgment opposition and motion for reconsideration argued *de novo* review, not abuse of discretion, applied. 4-ER-609–10; OB at 18, 34-37.

The abuse-of-discretion standard *only* applies when a plan "unambiguously" gives the plan administrator discretion to determine eligibility or construe the plan's terms. Here, no such proof. OB at 34 and citations.

The district court erroneously found that "the only evidence in the record showed there was no conflict because the ERISA plans were self-funded". 2-ER-263–64. No such evidence. OB at 37-38 and citations.

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

Cigna proclaims, without record support, Cigna "primarily" provides services for self-funded benefit plans. AB at 5, 6. Cigna provides *not one* record citation to support that proclamation about so-called evidence of whether and which claims at issue were self-funded; not one, even after Appellant identified this deficiency in the Opening Brief [at 38]. *See, e.g.,* AB at 30–32. No such record evidence.

Cigna proclaims, without record support, all its plans give discretionary authority. AB at 31–32. Untrue. Cigna **never** introduced an actual plan document for all 106 claims at issue here.

Notably, Cigna cites **only** the evasive testimony from its employee, Sean Petree, who, when asked whether the plans gave Cigna the discretionary authority to make a decision on one member's claim based on something that may or may not have happened in another member's claim, sidestepped it with: "It's my understanding that the Cigna plans give Cigna the authority to interpret and enforce the terms of those plans." 1-SER-84–85. Petree's "understanding" is not a plan document.

*Cigna* bore the burden to prove applicable and actual plans granted its claimed discretionary authority by producing formal plan documents. *Prichard v. Metro. Life Ins. Co.*, 783 F.3d 1166, 1169–71 (9th Cir. 2015); OB at 35. Contrary to Cigna's enthusiastic assertion otherwise [AB at 32], Cigna never produced evidence and testimony that all of the plans concerning claims at issue granted Cigna discretionary

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

authority. OB at 35–37 and citations. Accordingly, Cigna's burden never shifted to Bristol to disprove Cigna's unproven. *Id.*

Cigna's argument that Bristol should have provided Cigna's plan documents [AB at 35] is catawampus. ***Cigna*** *was the proponent of the discretionary authority theory,* not Bristol. ***Cigna*** was in possession, custody and control of the plans, on which ***Cigna*** relied to claim discretionary authority. ***Cigna's*** un-evidenced discretionary authority theory was no better than chatter. OB at 35–36.

Cigna pivots and claims it did provide "the applicable plan document." AB at 33. Cigna's use of "applicable" betrays what really happened: Cigna provided a summary ***only***. Not one formal plan document. Cigna's cherry-picked summary pages resembled those documents *Bristol* submitted (Bristol doesn't have Cigna's formal plan documents). 5-ER-996, 137; 5-ER-998, 6-ER-1001, 1003. Those contained this language: "this summary plan description." *Id*. As such, under *Prichard*, the district court erred in applying an abuse-of-discretion standard of review on summary plan documents without actual proof in the formal plan documents of administrator discretion.

Second, claiming the document is the "applicable" document [AB at 33] because Cigna proclaims it's "applicable" and that it "takes the place of any documents previously issued to you which described your benefits" is misleading as well. 2-ER-302. The modifying phrase within the summary, "which [the relative

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

pronoun] described [past tense] your benefits" refers to the same preceding noun: the "summary of benefits". Cigna simply produced a cherry-picked summary description that replaced any previous summary description. 2-ER-302. Cigna knows full well these summaries not the plans. Cigna attempts to mislead the Court.

Cigna posits it can use summary plan descriptions to establish the terms of an unproduced plan under *Cigna Corp. v. Amara*, 563 U.S. 421 (2011). AB at 33-34. Incorrect. Cigna anemically distinguishes *Amara* as concerning a summary that conflicted with the actual plan document. AB at 33–34.

*Amara* helps Bristol, not Cigna. *Amara* actually directs statements made in plan summaries "do not themselves constitute the *terms* of the plan." *Amara*, 563 U.S. at 438 (emphasis in original). Cigna cannot evade *Amara* by producing a summary only. *See* OB at 34–36.

Further, because Cigna never produced the actual plan document from which to compare with the summary plan description to even assert "conflict", Cigna's distinction of *Amara* also fails.

Cigna claims *Mull v. Motion Picture Indus. Health Plan*, 865 F.3d 1207 (9th Cir. 2017), holds all plan summaries can create plan terms and "reverses" any statement otherwise. AB at 34–35. Incorrect. *Mull* itself recognizes a summary "cannot create terms that are not also *authorized by*, or reflected in, governing plan documents." 865 F.3d at 1209 (quoting *Eugene S. v. Horizon Blue Cross Blue Shield*

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

*of N.J.*, 663 F.3d 1124, 1131 (10th Cir. 2011) (emphasis added by Ninth Circuit)).

In *Mull*, the Court expressly found that a trust agreement and a summary plan description constituted the terms of the plan related to payments of benefits because the trust agreement clearly provided that the board of directors would specify those terms in the separate writing. 865 F.3d at 1209. The summary then specified in detail those terms and was a part of the plan itself. *Id.* Cigna has made no such claim or provided any such evidence that a summary constituted the formal plan's terms. Cigna just claims it does.

In the end, Cigna has admitted it issued a preset denial before any of the claims were submitted when it stated that the EOPs "memorialized" Cigna's already predetermined denials. AB at 24; *see also* OB at 35–37. Thus, Cigna didn't actually exercise any discretion.

## B.     Even under an abuse-of-discretion standard, Cigna abused it.

Cigna seems to suggest Bristol didn't argue that the so-called "denial" of claims was incorrect under *de novo* review. Incorrect. Irrespective of which standard, any "denial", assuming they even were denials, was incorrect because Cigna issued *preset blanket* denials, failed to credit documentary proof of payment, and failed to engage in meaningful dialogue. *See* OB at 37–47.

Even under abuse of discretion, ERISA plan administrators don't have unbounded discretion. *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131   305-444-1599   800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

(9th Cir. 1997). Cigna relies on its un-evidenced "discretionary authority" theory to interpret plan provisions to mistakenly leapfrog from that non-evidence to the conclusion that: This, in turn, automatically entitled Cigna unbridled deference to its interpretation as long as it didn't conflict with the actual plan's language. . .the plan Cigna never produced. AB at 29–31.

There are many, often case-specific, considerations when reviewing benefit denials. *See* OB at 38–39. Here, the many irregularities detailed, not the least of which was the highly irregular preset blanket denial of all 106 claims, warranted heightened skepticism. OB at 39–40.

Just some irregularities: Cigna didn't engage in the required "meaningful dialogue" with Sure Haven. OB at 39–42. Cigna claims the basis for the "denials were clearly explained to Sure Haven multiple times" [AB at 24], but references a single February 26, 2015, Cigna in-house counsel letter to Sure Haven stating fee-forgiving renders charges "non-coverable." AB at 7–8, 24.

Belaboring, the letter was not a "denial" per controlling federal regulations. OB at 41 and Issue III.

Second, Cigna's letter expressly invited future submissions and directed Sure Haven to follow a procedure of providing "documentary proof of the Cigna customer's payment." AB at 8–9; 3-ER-336–37. Only if documentation was not provided, Cigna stated, it "will deny" the claim. 3-ER-338. An expression of future

20

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

intent and a procedure for more proof is not by its very language a "denial". OB at 41 and Issue III.

Third, a letter prematurely "denying" future claims is not meaningful dialogue. OB at 40–41.

Fourth, this letter was not specifically in reference to *any* of the 106 claims at issue here. An earlier letter unconnected to any claim here cannot serve as a denial of a specific later-submitted claim. OB at Issue III.

Cigna relies on the inapposite *Alvis v. AT&T Integrated Disability Serv. Ctr.*, 377 Fed. App'x 673 (9th Cir. 2010) [AB at 25], to contend this was meaningful dialogue. That administrator "consistently contacted" the claimant and "informed him that his additional evidence did not meet the disability plan requirements for demonstrating the existence of a disabling condition." *Id.* at 674. Cigna never told Bristol its submitted documentation was insufficient. 3-ER-349; OB at 41–45. And Cigna changed its reason for purportedly denying the claims. *Id.*

Cigna refers to the notes on the EOPs sent after the claims stating they "memorialized" Cigna's premature denials, again, an admission. AB at 24. Preset, automatic blanket denials are textbook improper administration of claims that ERISA requires when one claims it is exercising discretion. OB at 36–37, 41.

Cigna concludes it provided everything required by 29 C.F.R. § 2560.503-1(g)(1) because it says so. AB at 24. But the CFR actually requires a notice to include

four specific items that Cigna didn't do: (1) "the specific reason or reasons for the adverse determination"; (2) "reference to the specific plan provisions on which the determination is based"; (3) "A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary"; and (4) "a description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review." 29 C.F.R. § 2560.503-1(g)(1)(i)–(iv).

These EOPs didn't communicate a specific reason for the determination, didn't describe the additional material or information needed, and didn't say why. 3-ER-399-401; 5-ER-962; OB at 39–41, 50–51. Cigna only requested more, still-unidentified, "proof." OB at 41–42.

Cigna claimed it denied benefits based on fee-forgiving and relies on a letter to Bristol. AB at 24. In an attempt to make it appear Cigna conclusively determined and denied claims for fee-forgiving, Cigna obfuscates this point: Cigna's review findings showed **no** fee-forgiving; the review actually found evidence of billing. *Id.*; *see also* AB at 3, 11; 3-ER-350-353; 4-ER-657.

Cigna also doesn't disclose this letter didn't mention fee-forgiving. 3-ER-349. Cigna updated its flag on Sure Haven to deny claims for "services not rendered as billed"—never for fee-forgiving—and the case closed. 4-ER-658. Also omitted: No

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131   305-444-1599   800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

findings were connected to *any* individual claim here. 3-ER-350-353; 5-ER-793-94.

It's not "meaningful dialogue" if Cigna denies a claim for one reason, and gives the provider a different reason. 29 C.F.R. § 2560.503-1(g)(1)(i)–(iv); OB at 41–45.

Cigna's cited *N. Cypress Med. Ctr. Operating Co., Ltd. v. Cigna Healthcare,* No. 4:09-CV-2556, 2018 U.S. Dist. LEXIS 132436 (S.D. Tex. Aug. 7, 2018), asserts claims may be denied based on investigations and survey responses. AB at 27. Cigna obscures two primary points in *Cypress*. First, *Cypress* recognized, where Cigna has "*reduced* benefits payments based on survey responses, that show the healthcare provider forgave out-of-network coinsurance amounts, courts have found Cigna's actions to be supported by substantial evidence." *Id.* at *42. But "where Cigna completely denied coverage"—as Cigna did here—*Cigna "had abused discretion."* *Id.* (citing *Arapahoe Surgery Ctr. LLC v. Cigna Healthcare, Inc.*, 171 F.Supp.3d 1092, 1113 (D. Colo. 2016)).

Second: In *Cypress*, Cigna had instituted a formal Fee-Forgiving Protocol and reviewed individual claims under a specific process. 2018 U.S. Dist. LEXIS 132436 at *22–23. Here, there was no such process, only preset blanket "denials", and not even formal denials. OB at 36–37. Cigna then shifted its stated reasons and ignored the Cigna-requested information Bristol sent. OB at 44–47.

Cigna's cited *Conn. Gen. Life Ins. Co. v. Humble Surgical Hosp., L.L.C.*, 878 F.3d 478, 486 (5th Cir. 2017) [AB at 27], also concerned *reductions of specific*

*claims*—not preset blanket denials.

Cigna's cited *Advanced Physicians, S.C. v. Conn. Gen. Life Ins. Co.*, No. 3:16-CV-2355-G, 2021 U.S. Dist. LEXIS 126919, at *33 (N.D. Tex. July 8, 2021) [AB at 27], concerned plan language (plans Cigna never produced here) that allowed Cigna to employ a presumption where Cigna told the provider it was developing a protocol to implement that protocol. Cigna has pointed to no plan language here allowing preset blanket denials. *See* AB at 27.

Thus, Cigna's verification of services letters to patients, to which it received just *three* replies, and *one* undercover call [AB at 27–28] are not competent evidence of fee-forgiving to allow Cigna to institute a covert blanket denial of future claims without giving each claim the review it was due.

Cigna's non-evidence of fee-forgiving was one patient statement that she was told (hearsay) "although my insurance did not cover the full amount, the remainder was given as a scholarship they said (within hearsay) I didn't have to pay." AB at 7. Cigna omitted that respondent "paid weekly." 3-ER-323. Cigna never investigated to see if any of these patients had met deductibles or out-of-pocket maximums, which they had. 4-ER-549-50.

Discussing its undercover call to Sure Haven, Cigna omits crucial facts. AB at 7; OB at 45–46. Cigna states its investigator, Christina Feierstein, was told all costs would be covered by a scholarship. AB at 7. Cigna omits that its own documents

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

show she was told she would have a $200 copay for medication and her insurance

information would be needed to "breakdown coverage." 3-ER-321; 3-ER-334; 4-ER-

553, 556-563, 571-75; OB at 45-46 and citations.

Cigna grasps with: it never received cancelled checks or receipts. AB at 9–11.

Again, Cigna's letter to Sure Haven didn't specify cancelled checks and receipts; it

asked for "documentary proof," examples of which are a cancelled check, credit card

receipt, "***or*** some other form of documentation." 3-ER-337; OB at 9, 41-42, 50. The

record evidence: Sure Haven responded to all Cigna requests for documents with

boxes of documentation showing patients had satisfied their deductibles and out-of-

pocket maximums. 5-ER-963-981; 5-ER-987-990; 5-ER-875-938; 6-ER-1006; 3-ER-

398-99. Sure Haven's multiple boxes of "documentary proof" to Cigna included

members' losses, contracts dictating patients' responsibilities, and agreements

between Sure Haven and the patients for repayment plans. *See e.g.*, 6-ER-1006-1012,

1013-1017, 1018-1023, 1024-1030, 1031-1052, 1053-1062, 1063-1071 as a

representative sample of the **1,500+ pages** of requested information, of record, Sure

Have gave Cigna; OB at 42-43.

The "documentary proof" also included invoices and payments made (some in

the $1000s) [5-ER-875, 977-893, 902-910, 922-924, 933-934, 937-938], credit-card

authorizations [5-ER-939-950], promissory notes, and spreadsheets tracking Sure

Haven's collection efforts and payments [5-ER-982-86] for a representative sample of

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

the 105 pages of payments made in 2015. *See* OB at 42-43. The evidence showed Cigna never acknowledged and never responded to the "documentary proof". 4-ER-672-73; 3-ER-399; 5-ER-788-89; 5-ER-793-94; 6-ER-1006.

Even the Eric Dellon Declaration, a paralegal for the Cigna attorneys, on which Cigna relies, admits "there were records" and they "suggest[ed] a payment may have been made" and credit card authorizations, promissory notes, and payment plans. 1-SER-58–59.

Cigna newly complains some documents were not provided until 2018. AB at 28–29. Cigna omits its own "investigation" actually documented evidence patients were paying their expenses, not fee forgiving. OB at 44-46. One patient's mother explained her remaining out-of-pocket balance was about $1,300, she'd already paid $500, and had agreed to make another payment in April and the remaining amount in May. 4-ER-582-83. Another patient complained Sure Haven collected $5,000 upfront. 4-ER-586-88; OB at 45-47.

Cigna attempts to sidestep scrutiny [AB at 25], but this Circuit's *Booton v. Lockheed Med. Benefit Plan*, 110 F.3d 1461, 1463 (9th Cir. 1997), requires a denial of benefits must be based on full and fair review of each claim and accompanied by meaningful dialogue and applied here. Cigna's shifting reasons for its so-called "denials", failure to even formally deny the claim, and failure to deny with explanation and without even reviewing relevant information are textbook preset

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

blanket denials, and refusal to credit Sure Haven's documentation sent to Cigna constitute clear "abuse of discretion". *See* OB at 41–47, 50–51.

**ISSUE III. CIGNA ISSUED NO FORMAL DENIAL OF CLAIM PER ERISA REQUIREMENTS SO SURE HAVEN WAS NOT REQUIRED TO EXHAUST ADMINISTRATIVE REMEDIES. MOREOVER, SURE HAVEN COMPLIED WITH ALL REQUESTS FOR DOCUMENTATION. THUS, THE DISTRICT COURT CORRECTLY DECLINED SUMMARY JUDGMENT ON THESE BASES AND ON CIGNA'S OTHER OFFERED REASONS.**

**A.    Bristol was not required to exhaust its administrative remedies and for any obligations it may have had, Bristol's full compliance with Cigna's procedures and requests fulfilled them.**

Cigna claims the summary requires exhaustion with "members only had the right to bring a civil action under section 502(a) after review through internal review procedures." AB at 37–38. Incorrect. Cigna's phantom language isn't in any plan document and Cigna doesn't provide any actual quote from the summary; the summary merely states one "*may*" appeal. 2-ER-309. "May" is not "must" or "shall". *See* May, BLACK'S LAW DICTIONARY (10th ed. 2014) (defining "may" as "to be a possibility"); *Kennedy v. S.C. Ret. Sys.*, 345 S.C. 339, 353, 549 S.E.2d 243, 250 (2001) ("The use of the word 'may' signifies permission and generally means that the action spoken of is optional or discretionary. . . .").

Cigna claims the appeal process was triggered by general statements about how to appeal and what evidence it needed to appeal. AB at 37. Incorrect. Again, under a plan that doesn't *require* exhaustion ("may appeal"), *supra*, a claimant needn't exhaust. *Spinedex Physical Therapy USA Inc. v. United Healthcare of Ariz., Inc.*, 770

27

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

F.3d 1282, 1299 (9th Cir. 2014); OB at 48–49.

Further, Cigna didn't fully comply with the controlling regulations. *See* Section II.B, *supra*; OB at 41–42, 49–50.  Cigna merely invited more information. As this Circuit's *Bilyeu v. Morgan Stanley Long Term Disability Plan*, 683 F.3d 1083, 1088 (9th Cir. 2012), decision explains, "given that it would have made no sense to appeal the adverse benefits decision while simultaneously submitting additional [] information [], as [Sure Haven] was invited to do by [Cigna]," it is "entirely appropriate" to interpret Cigna's statement as mere requests for information, not denials.

Cigna admits it prematurely denied all future claims. *Supra.* Sure Haven complied with Cigna's request for more documentation. If Cigna truly believed any of this documentation was deficient, Cigna was obligated to engage in a "meaningful dialogue" to explain that to Sure Haven. *See supra*.

Cigna's failure to follow the regulation's claim procedures also deems the claims exhausted. 29 C.F.R. § 2590.715–2719(b)(F)(2); *see also Barboza v. Cal. Ass'n of Prof'l Firefighters*, 651 F.3d 1073, 1076 (9th Cir. 2011) (citing *Eastman Kodak Co. v. STWB, Inc.*, 452 F.3d 215, 223 (2d Cir. 2006).

**B.     Bristol is entitled to recovery for its billed charges.**

Cigna incorrectly argues the ERISA claim fails because Bristol didn't identify plan language entitling it to billed charges or UCR or a percentage of either. AB at

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

36–37; *see* discussion *supra* at 5-6, 18-19, 21. Cigna's cited *Glendale Outpatient Surgery Ctr. v. United Healthcare Servs.*, 805 F. App'x 530, 531 (9th Cir. 2020) (unpublished) [AB at 36] and cited lower court *LD v. United Behavioral Health*, No. 4:20-cv-02254 YGR, 2020 U.S. Dist. LEXIS 155224 (N.D. Cal. Aug. 26, 2020) decision [AB at 37], disregard what Bristol actually pled and showed, and are illogical references given the Court's prior rulings on this same amended complaint. *See* discussion *supra* at 6-10, 15.

**C.     Cigna cannot avoid liability by claiming various reasons for unclean hands, many for the first time during litigation.**

Cigna asserts in a footnote, without argument, it was entitled to summary judgment on its unclean hands defense. AB at 20. Cigna waives the argument. *Riegels v. Comm'r (In re Estate of Saunders)*, 745 F.3d 953, 962 n.8 (9th Cir. 2014) ("Arguments raised only in footnotes. . .deemed waived."); *Indep. Towers of Wash. v. Washington*, 350 F.3d 925, 929-30 (9th Cir. 2003) (similar).

**CONCLUSION**

**FOR THE REASONS AND LEGAL AUTHORITIES SET FORTH HEREIN**, Appellant respectfully requests that summary judgment be reversed and the case remanded for further proceedings consistent with the Court's Opinion.

Respectfully submitted,

29

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

MATTHEW M. LAVIN, ESQ.
AARON MODIANO, ESQ.
ARNALL GOLDEN GREGORY, LLP
2100 Pennsylvania Ave., N.W., Suite
350S, Washington DC 20037
T: (202) 677-4048
matt.lavin@agg.com
aaron.modiano@agg.com
*Appellant/Plaintiff Counsel for*
*Bristol SL Holding*

JOHN W. TOWER, ESQ.
LAW OFFICE OF JOHN W. TOWER
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
T: (760) 436-5589
towerlawsd@gmail.com
*Appellant/Plaintiff Counsel for Bristol*
*SL Holdings*

BY:  /s/ DOROTHY F. EASLEY
  DOROTHY F. EASLEY, MS, JD, BCS APPEALS
  FLA. BAR NO. 0015891
  **EASLEY APPELLATE PRACTICE, PLLC**
  1200 Brickell Ave., Suite 1950
  Miami, Florida 33131
  T: 305-444-1599; 800-216-6185
  E: administration@easleyappellate.com
  admin2@easleyappellate.com
  *Lead Appellate Counsel for Appellant, Bristol*
  *SL Holdings*

## STATEMENT OF RELATED CASES

        Pursuant to 9th Cir. R. 28-2.6, the undersigned attorney states I am unaware of

any related cases currently pending in this Court.

                        Respectfully submitted,

                BY:  /s/ Dorothy F. Easley
                  DOROTHY F. EASLEY, MS, JD, BCS APPEALS
                  EASLEY APPELLATE PRACTICE PLLC

DATE:       August 10, 2023

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

## CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMITATION, TYPEFACE REQUIREMENTS AND TYPE STYLE REQUIREMENTS

1.      This brief complies with the type-volume limitation of Fed.R.App.P. 32(a)(7)(B) and Ninth Circuit Rule 32-1 because this brief contains ___6872___ words, excluding the parts of the brief exempted by Fed.R.App.P. 32(a)(7)(B)(iii).

2.      This brief also complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type-style requirements of Fed.R.App.P. 32(a)(6).    It has been prepared in Word 2010 using a proportionally spaced Times New Roman 14-point font.

Respectfully submitted,

BY:____/s/ Dorothy F. Easley_____
         DOROTHY F. EASLEY, MS, JD, BCS APPEALS
         EASLEY APPELLATE PRACTICE PLLC

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the Reply Brief were filed using the CM/ECF system and also served in accordance with Rule 2.516, Fla. R. Jdcl. Admin., governing Florida Attorneys via **eMail *or* this firm's secure upload URL** this _10th_ day of _ August _, 2023 to the following attorneys on the attached Service List:

BY:____/s/ Dorothy F. Easley_____
          DOROTHY F. EASLEY

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

RETURN TO TABLE OF CONTENTS
RETURN TO TABLE OF AUTHORITIES    *Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

## SERVICE LIST

*BRISTOL SL HOLDINGS INC., V. CIGNA HEALTH AND LIFE INSURANCE COMPANY ET AL.*
*CASE NO.* 23-55019

WILLIAM P. DONOVAN, JR., ESQ.
MCDERMOTT, WILL & EMERY, LLP
**Counsel for Defendants/Appellees**
**Cigna Health and Life Insurance**
**Company and Cigna Behavioral Health**
**Inc.**
2409 Century Park East, Suite 3200
Los Angeles, CA 90067
T: (310) 277-4119 F: (310) 277-4730
wdonovan@mwe.com
swoods@mwe.com
eric-dellon-5513@ecf.pacerpro.com

RICHARD D. DIGGS, ESQ.
RICHARD W. NICHOLSON, JR.,
MCDERMOTT, WILL &EMERY LLP
**Counsel for Defendants/Appellees**
**Cigna Health and Life Insurance**
**Company and Cigna Behavioral Health,**
**Inc.**
One Vanderbilt Ave.,
New York, NY 10017-3852
T: (212) 547-5336; F: (212) 547-5444
rdiggs@mwe.com
rnicholson@mwe.com

HEATHER L. RICHARDSON, ESQ.
GIBSON, DUNN & CRUTCHER LLP
**Amicus Curiae in Support of Appellees**
333 South Grand Ave.,
Los Angeles, CA, 90071
T: (213) 229-7000
HRichardson@gibsondunn.com
gperez@gibsondunn.com

MATTHEW S. ROZEN, ESQ.,

JOHN W. TOWER, ESQ.
LAW OFFICE OF JOHN W. TOWER
**Appellant/Plaintiff Counsel for Bristol**
**SL Holdings**
2211 Encinitas Blvd., 2nd Floor
Encinitas, CA 92024
T: (760) 436-5589 F: (760) 479-0570
towerlawsd@gmail.com

MATTHEW M. LAVIN, ESQ.
AARON MODIANO, ESQ.
ARNALL GOLDEN GREGORY, LLP
**Appellant/Plaintiff Counsel for Bristol**
**SL Holdings**
2100 Pennsylvania Ave., N.W., Suite
350S, Washington DC 20037
T: (202) 677-4048
matt.lavin@agg.com
aaron.modiano@agg.com
nicole.wemhoff@agg.com
natalie.cascario@agg.com
christi.ellingson@agg.com
pat.zagorski@agg.com

DOROTHY F. EASLEY, MS JD BCS APPEALS
EASLEY APPELLATE PRACTICE PLLC
**Lead Appellate Counsel for Appellant**
**Bristol SL Holdings**
1200 Brickell Avenue, Suite 1950
Miami, Florida 33131
T: (305) 444-1599; (800) 216-6185
FLORIDA BAR DESIGNATED E-MAIL:
administration@EasleyAppellate.com
admin2@easleyappellate.com
Upload URL for secure e-service:
https://www.hightail.com/u/Easley-
Appellate-Practice-PLLC

32

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

MAX E. SHULMAN, ESQ.,                          www.easleyappellate.com
ROBERT A. BATISTA, ESQ.,
GIBSON, DUNN & CRUTCHER LLP
***Amicus Curiae in Support of Appellees***
1050 Connecticut Ave.,
N.W., Washington, D.C. 20036
T: (202) 955-8500
MRozen@gibsondunn.com
maiken@gibsondunn.com
MSchulman@gibsondunn.com
RBatista@gibsondunn.com

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com

*Bristol SL Holdings v. Cigna et al.,* 9th Cir. Case No. 23-55019

## ADDENDUM

All applicable statutes, etc., are contained in the previously filed briefs or addendums of Appellant and Appellees.

EASLEY APPELLATE PRACTICE, PLLC, 1200 BRICKELL AVE., SUITE 1950, MIAMI, FLORIDA 33131  305-444-1599  800-216-6185
www.easleyappellate.com